**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased; | ) ) ) ) |
| GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased; | ) ) ) ) |
| DEBORAH BETTS, as mother and next friend of PATRICK BETTS, a minor; and | ) Cause No. ) ) ) |
| DEBORAH BETTS, as step-mother and next friend of ASPEN BETTS, a minor; | ) ) ) |
| DEBORAH BETTS, Individually; | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| SERGEY V. YASINSKIY; | ) ) |
| MIKHAIL V. YASINSKIY; | ) ) |
| HERBERT RODRIGUES; | ) **JURY TRIAL DEMANDED** ) |
| M & H TRAILERS, INC., an Oregon corporation; and | ) ) ) |
| YMV TRANSPORT, INC., a Washington corporation, | ) ) ) |
| Defendants. | ) |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, GREAT WESTERN BANK, Special Administrator of the

Estate of CORA BETTS, a minor, deceased; GREAT WESTERN BANK, Special

Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased; DEBORAH

1

BETTS, as mother and next friend of PATRICK BETTS, a minor; DEBORAH BETTS, as step-mother and next friend of ASPEN BETTS, a minor, and DEBORAH BETTS, Individually; by and through their attorneys, DENNIS T. SCHOEN, P.C. and JAMES F. FENLON, P.C. and complaining of the Defendants, SERGEY V. YASINSKIY, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., an Oregon Corporation, and YMV TRANSPORT, INC., a Washington Corporation, and each of them, state as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### JURISDICTION

1.      On January 27, 2008 and currently, the Plaintiff, DEBORAH BETTS, was and is a citizen and resident of the State of Colorado.

2.      On January 27, 2008 and currently, the Plaintiff, GREAT WESTERN BANK, was and is a resident and citizen of the State of Nebraska.

3.      On January 27, 2008 and currently, the Defendant, SERGEY V. YASINSKIY, was and is a citizen and resident of the State of Washington.

4.      On January 27, 2008 and currently, the Defendant, MIKHAIL V. YASINSKIY, was and is a citizen and resident of the State of Oregon.

5.      On January 27, 2008 and currently, the Defendant, HERBERT RODRIGUES, was and is a citizen and resident of the State of Oregon.

6.      On January 27, 2008 and currently, the Defendant, M & H TRAILERS, INC., was and is a corporation organized and existing under the laws of the State of Oregon, and was and is a citizen and resident of the State of Oregon.

2

7.      On January 27, 2008 and currently, the Defendant, YMV TRANSPORT, INC., was and is a corporation organized and existing under the laws of the State of Washington, and was and is a citizen and resident of the State of Washington.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different states.

## VENUE

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this case occurred in the judicial district of the United States District Court for the State of Nebraska.

## THE OCCURRENCE

10.     On January 27, 2008, MICHAEL C. BETTS, II, was operating a motor vehicle in a westerly direction on Interstate Highway 80 approximately 1300 feet west of Milepost 266 in the County of Buffalo and State of Nebraska.

11.     On January 27, 2008 and at all times mentioned herein the plaintiff's decedents MICHAEL C. BETTS, III and CORA BETTS, the plaintiff's minors ASPEN BETTS and PATRICK BETTS; and the Plaintiff, DEBORAH BETTS were passengers in the vehicle being operated by MICHAEL C. BETTS, II.

12.     On January 27, 2008 and at all times mentioned herein the Defendant SERGEY V. YASINSKIY operated, managed, maintained and controlled a truck with attached trailer in a westerly direction on Interstate Highway 80 approximately 1300 feet west of Milepost 266 in the County of Buffalo and State of Nebraska.

3

13.     On January 27, 2008 and at all times mentioned herein the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M& H TRAILERS, INC., AND YMV TRANSPORT, INC., and each of them by and through their duly authorized agent and employee SERGEY V. YASINSKIY, owned, operated, managed, maintained and controlled a truck with attached trailer in a westerly direction on Interstate Highway 80, approximately 1300 feet west of Milepost 266 in the County of Buffalo and State of Nebraska.

14.     On January 27, 2008 and at all times mentioned herein Defendant SERGEY V.  YASINSKIY, while operating the aforesaid truck and trailer, was the agent and employee of the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC.,  a corporation, and YMV TRANSPORT, INC., a corporation, and each of them, and was acting within the course and scope of that employment and agency.

15.     On January 27, 2008 at approximately 8:50 p.m. the front of the truck-trailer combination being operated by Defendant SERGEY V. YASINSKIY collided with and struck the rear of the vehicle being operated by MICHAEL C. BETTS, II.

16.     On January 27, 2008 and at all times mentioned herein, Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., an Oregon corporation, and YMV TRANSPORT, INC., a Washington corporation, and each of them were  jointly and severally liable, pursuant to § 25-21, 239 of R.R.S. Supp., (2006) for death caused to Plaintiffs' decedents named herein, and for injury caused to Plaintiffs individually named herein by Defendant SERGEY V. YASINSKIY.

**COUNT I–WRONGFUL DEATH/NEGLIGENCE**
**(GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE**
**ESTATE OF CORA BETTS, A MINOR, DECEASED v.**
**M & H TRAILERS, INC. and SERGEY V. YASINSKIY)**

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count I as though fully set forth herein.

17.   At all times referenced herein, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.   At the aforementioned time and place, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)   Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)   Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)   Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor CORA BETTS, sustained serious and permanent injuries which resulted in her death on January 27, 2008.

20.     Plaintiff's decedent, CORA BETTS, is survived by her father, MICHAEL C. BETTS, II, her mother, DEBORAH BETTS, her sister, ASPEN BETTS, and her brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue

6

to suffer loss as a result of her death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

21.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

22.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, M & H TRAILERS, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT II–SURVIVAL/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF CORA BETTS, A MINOR, DECEASED v. M & H TRAILERS, INC. and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count II as though fully set forth herein.

17.     At all times referenced herein, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise

7

reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.    At the aforementioned time and place, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)    Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)    Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)    Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)    Failed to properly and timely apply the brakes;

(h)    Failed to keep a proper and sufficient look-out;

(i)    Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)    Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)    Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

8

(l)   Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)   Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)   Negligently failed to take reasonable action to avoid a collision;

(o)   Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)   Were otherwise careless and negligent.

19.   That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's decedent, CORA BETTS, a minor, was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature, prior to her death on January 27, 2008.

20.   At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.-

21.   The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, M & H TRAILERS, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

9

## COUNT III–WRONGFUL DEATH/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE
### ESTATE OF CORA BETTS, A MINOR, DECEASED v.
### YMV TRANSPORT, INC. and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count III as though fully set forth herein.

17.     At all times referenced herein, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

10

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor CORA BETTS sustained serious and permanent injuries which resulted in her death on January 27, 2008.

20.     Plaintiff's decedent, CORA BETTS, is survived by her father, MICHAEL C. BETTS, II, her mother, DEBORAH BETTS, her sister, ASPEN BETTS, and her brother,

11

PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of her death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

21.    At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

22.    The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, YMV TRANSPORT, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT IV–SURVIVAL/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF CORA BETTS, A MINOR, DECEASED v. YMV TRANSPORT, INC. and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count IV as though fully set forth herein.

17.    At all times referenced herein, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise

reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and tailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

13

(l)    Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)    Negligently failed to take reasonable action to avoid a collision;

(o)    Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)    Were otherwise careless and negligent.

19.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's minor, CORA BETTS, was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature prior to her death on January 27, 2008.

20.    At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

21.    The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, YMV TRANSPORT, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

14

## COUNT V–WRONGFUL DEATH/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF CORA BETTS, A MINOR, DECEASED v. MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count V as though fully set forth herein.

17.    At all times referenced herein, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.    At the aforementioned time and place, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

15

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor CORA BETTS, sustained serious and permanent injuries which resulted in her death on January 27, 2008.

20.     Plaintiff's decedent, CORA BETTS, is survived by her father, MICHAEL C. BETTS, II, her mother, DEBORAH BETTS, her sister, ASPEN BETTS, and her brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue

16

to suffer loss as a result of her death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

21.    At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

22.    The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT VI–SURVIVAL/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF CORA BETTS, A MINOR, DECEASED v. MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one sixteen fifteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count VI as though fully set forth herein.

17.    At all times referenced herein, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise

17

reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.    At the aforementioned time and place, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)    Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)    Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)    Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)    Failed to properly and timely apply the brakes;

(h)    Failed to keep a proper and sufficient look-out;

(i)    Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)    Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)    Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

18

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's decedent, CORA BETTS, a minor, was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature prior to her death on January 27, 2008.

20.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

21.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT VII WRONGFUL DEATH/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE
### ESTATE OF CORA BETTS, A MINOR, DECEASED v.
### HERBERT RODRIGUES and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count VII as though fully set forth herein.

17.     At all times referenced herein, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's decedent CORA BETTS, a minor, sustained serious and permanent injuries which resulted in her death on January 27, 2008.

20.     Plaintiff's decedent, CORA BETTS, is survived by her father, MICHAEL C. BETTS, II, her mother, DEBORAH BETTS, her sister, ASPEN BETTS, and her brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of her death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

21.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

22.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, HERBERT RODRIGUES and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT VIII–SURVIVAL/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF CORA BETTS, A MINOR, DECEASED v. HERBERT RODRIGUES and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count VIII as though fully set forth herein.

17.     At all times referenced herein, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY,

and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, CORA BETTS, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.    At the aforementioned time and place, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)    Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)    Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)    Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)    Failed to properly and timely apply the brakes;

(h)    Failed to keep a proper and sufficient look-out;

(i)    Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)    Failed to exercise due care in the operation of aforesaid truck and trailer;

23

(k)   Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)   Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)   Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)   Negligently failed to take reasonable action to avoid a collision;

(o)   Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)   Were otherwise careless and negligent.

19.   That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's decedent, CORA BETTS, a minor, was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature prior to her death on January 27, 2008.

20.   At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

21.   The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, HERBERT RODRIGUES and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT IX–WRONGFUL DEATH/NEGLIGENT ENTRUSTMENT
## (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE
## ESTATE OF CORA BETTS, A MINOR, DECEASED v.
## MIKHAIL V. YASINSKIY, HERBERT RODRIGUES,
## M & H TRAILERS, INC., and YMV TRANSPORT, INC.)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count IX as though fully set forth herein.

17.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them owned, managed, and controlled the truck with the attached trailer being operated by the Defendant, SERGEY V. YASINSKIY, their duly authorized agent.

18.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them knew or reasonably should have known that the Defendant, SERGEY V. YASINSKIY, was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

19.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them had a duty to forego entrusting the truck with the attached trailer to an individual that they knew or reasonably should have known was an inexperienced, incompetent, and reckless driver and/or

25

otherwise incapable of properly operating a truck with an attached trailer without endangering others.

20.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them breached the aforesaid duty and negligently entrusted the truck with the attached trailer to the Defendant, SERGEY V. YASINSKIY.

21.     That as a direct and proximate result of the aforesaid careless and negligent act of the Defendants, the plaintiff's decedent CORA BETTS, a minor sustained serious and permanent injuries which resulted in her death on January 27, 2008.

22.     Plaintiff's decedent, CORA BETTS, is survived by her father, MICHAEL C. BETTS, II, her mother, DEBORAH BETTS, her sister, ASPEN BETTS, and her brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of her death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

23.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

24.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them in an amount in excess of $75,000.00, plus costs.

### COUNT X–SURVIVAL/NEGLIGENT ENTRUSTMENT
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF
### THE ESTATE OF CORA BETTS, A MINOR, DECEASED v.
### MIKHAIL V. YASINSKIY, HERBERT RODRIGUES,
### M & H TRAILERS, INC., and YMV TRANSPORT, INC.)

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count X as though fully set forth herein.

17.      On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them owned, managed, and controlled the truck with the attached trailer being operated by the Defendant, SERGEY V. YASINSKIY, their duly authorized agent.

18.      On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them knew or reasonably should have known that the Defendant, SERGEY V. YASINSKIY, was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

19.    At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them had a duty to forego entrusting the truck with the attached trailer to an individual that they knew or reasonably should have known was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

20.    At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them breached the aforesaid duty and negligently entrusted the truck with the attached trailer to the Defendant, SERGEY V. YASINSKIY.

21.    That as a direct and proximate result of the aforesaid careless and negligent act of the Defendants, the Plaintiff's decedent, CORA BETTS, was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability and other recoverable damages of a personal and pecuniary nature prior to her death on January 27, 2008.

22.    At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

23.    The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of CORA BETTS, a minor, deceased, and vested with the right to prosecute this cause of action.

28

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of CORA BETTS, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them in an amount in excess of $75,000.00, plus costs.

## COUNT XI–WRONGFUL DEATH/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v. M & H TRAILERS, INC. and SERGEY V. YASINSKIY)

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XI as though fully set forth herein.

17.     At all times referenced herein, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

29

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's decedent MICHAEL C. BETTS, III, a minor, sustained serious and permanent injuries which resulted in his death on January 27, 2008.

20.     Plaintiff's decedent, MICHAEL C. BETTS, III, is survived by his father, MICHAEL C. BETTS, II, his mother, KRISTIE CHEEK BETTS, his step-mother DEBORAH BETTS, his sister, ASPEN BETTS, and his brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of his death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

21.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

22.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, M & H TRAILERS, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT XII–SURVIVAL/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF
### THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v.
### M & H TRAILERS, INC. and SERGEY V. YASINSKIY)

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XII as though fully set forth herein.

17.     At all times referenced herein, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

   (a)   Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

   (b)   Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

   (c)   Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

32

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's decedent, MICHAEL C. BETTS, III, a minor, was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature prior to his death on January 27, 2008.

33

20.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

21.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, M & H TRAILERS, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XIII–WRONGFUL DEATH/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v. YMV TRANSPORT, INC. and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XIII as though fully set forth herein.

17.     At all times referenced herein, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

34

18.   At the aforementioned time and place, the Defendants YMV TRANSPORT,

INC., by and through its duly authorized agent, employee and/or servant, SERGEY V.

YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one

or more of the following negligent acts and/or omissions:

(a)   Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)   Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)   Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)   Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)   Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)   Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)   Failed to properly and timely apply the brakes;

(h)   Failed to keep a proper and sufficient look-out;

(i)   Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)   Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)   Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)   Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's decedent MICHAEL C. BETTS, III sustained serious and permanent injuries which resulted in his death on January 27, 2008.

20.     Plaintiff's decedent, MICHAEL C. BETTS, III, is survived by his father, MICHAEL C. BETTS, II, his mother, KRISTIE CHEEK BETTS, his step-mother, DEBORAH BETTS, his sister, ASPEN BETTS, and his brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of his death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

21.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

22.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

36

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, YMV TRANSPORT, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XIV–SURVIVAL/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF
### THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v.
### YMV TRANSPORT, INC. and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XIV as though fully set forth herein.

17.     At all times referenced herein, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

37

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's decedent, MICHAEL

C. BETTS, III, was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability and other recoverable damages of a personal and pecuniary nature prior to his death on January 27, 2008.

20.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

21.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, YMV TRANSPORT, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XV–WRONGFUL DEATH/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v. MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY)

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XV as though fully set forth herein.

17.     At all times referenced herein, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise

reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's decedent MICHAEL C. BETTS, III, a minor, sustained serious and permanent injuries which resulted in his death on January 27, 2008.

20.     Plaintiff's decedent, MICHAEL C. BETTS, III, is survived by his father, MICHAEL C. BETTS, II, his mother, KRISTIE CHEEK BETTS, his step-mother, DEBORAH BETTS, his sister, ASPEN BETTS, and his brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of his death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

21.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

22.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

41

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XVI–SURVIVAL/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF
### THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v.
### MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XVI as though fully set forth herein.

17.     At all times referenced herein, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

    (a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

42

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

43

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's decedent, MICHAEL C. BETTS, III, a minor, was seriously and permanently injured and was caused to and did suffer conscious and pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature prior to his death on January 27, 2008.

20.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

21.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XVII WRONGFUL DEATH/NEGLIGENCE
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v. HERBERT RODRIGUES and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XVII as though fully set forth herein.

44

17.     At all times referenced herein, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

45

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's decedent MICHAEL C. BETTS, III, a minor, sustained serious and permanent injuries which resulted in his death on January 27, 2008.

20.     Plaintiff's decedent, MICHAEL C. BETTS, III, is survived by his father, MICHAEL C. BETTS, II, his mother, KRISTIE CHEEK BETTS, his step-mother, DEBORAH BETTS, his sister, ASPEN BETTS, and his brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of his death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

46

21.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq*., and this cause of action is brought pursuant to that Act.

22.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, HERBERT RODRIGUES and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

**COUNT XVIII–SURVIVAL/NEGLIGENCE**
**(GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF**
**THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v.**
**HERBERT RODRIGUES and SERGEY V. YASINSKIY)**

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XVIII as though fully set forth herein.

17.     At all times referenced herein, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's decedent, MICHAEL BETTS, III, a minor, to exercise reasonable care with respect to the operation, maintenance, management and control of aforesaid truck and attached trailer.

47

18.    At the aforementioned time and place, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)    Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)    Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)    Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)    Failed to properly and timely apply the brakes;

(h)    Failed to keep a proper and sufficient look-out;

(i)    Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's decedent was a passenger;

(j)    Failed to exercise due care in the operation of aforesaid truck and trailer;

(k)    Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's decedent was a passenger;

(l)    Negligently followed the vehicle in which the Plaintiff's decedent was a passenger more closely than was reasonable and proper;

     (m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's decedent;

     (n)     Negligently failed to take reasonable action to avoid a collision;

     (o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

     (p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff's decedent, MICHAEL C. BETTS, III, a minor, was seriously and permanently injured and was caused to and did suffer conscious and pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature prior to his death on January 27, 2008.

20.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, Neb. Rev. Stat. § 25-1401, and this cause of action is brought pursuant to that Act.

21.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, HERBERT RODRIGUES and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

49

**COUNT XIX–WRONGFUL DEATH/NEGLIGENT ENTRUSTMENT**
**(GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE**
**ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v.**
**MIKHAIL V. YASINSKIY, HERBERT RODRIGUES,**
**M & H TRAILERS, INC., and YMV TRANSPORT, INC.)**

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XIX as though fully set forth herein.

17.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them owned, managed, and controlled the truck with the attached trailer being operated by the Defendant, SERGEY V. YASINSKIY, their duly authorized agent.

18.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them knew or reasonably should have known that the Defendant, SERGEY V. YASINSKIY, was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

19.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them had a duty to forego entrusting the truck with the attached trailer to an individual that they knew or reasonably

50

should have known was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

20.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them breached the aforesaid duty and negligently entrusted the truck with the attached trailer to the Defendant, SERGEY V. YASINSKIY.

21.     That as a direct and proximate result of the aforesaid careless and negligent act of the Defendants, the plaintiff's decedent MICHAEL C. BETTS, III, a minor sustained serious and permanent injuries which resulted in his death on January 27, 2008.

22.     Plaintiff's decedent, MICHAEL C. BETTS, III, is survived by his father, MICHAEL C. BETTS, II, his mother, KRISTIE CHEEK BETTS, his step-mother, DEBORAH BETTS, his sister, ASPEN BETTS, and his brother, PATRICK BETTS, each of whom is living and has suffered substantially and will continue to suffer loss as a result of his death, including loss of society, love, affection, care, comfort, support, and protection and all other losses of a personal and pecuniary nature.

23.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Wrongful Death Act, NEB. REV. STAT. § 30.809 *et seq.*, and this cause of action is brought pursuant to that Act.

24.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them in an amount in excess of $75,000.00, plus costs.

## COUNT XX–SURVIVAL/NEGLIGENT ENTRUSTMENT
### (GREAT WESTERN BANK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL C. BETTS, III, A MINOR, DECEASED v. MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., and YMV TRANSPORT, INC.)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XX as though fully set forth herein.

17.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them owned, managed, and controlled the truck with the attached trailer being operated by the Defendant, SERGEY V. YASINSKIY, their duly authorized agent.

18.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them knew or reasonably should have known that the Defendant, SERGEY V. YASINSKIY, was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

52

19.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them had a duty to forego entrusting the truck with the attached trailer to an individual that they knew or reasonably should have known was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

20.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them negligently entrusted the truck with the attached trailer to the Defendant, SERGEY V. YASINSKIY.

21.     That as a direct and proximate result of the aforesaid careless and negligent act of the Defendants, the Plaintiff's decedent, MICHAEL C. BETTS, III, a minor was seriously and permanently injured and was caused to and did suffer conscious pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature prior to his death on January 27, 2008.

22.     At all times referenced herein, there was in existence in the State of Nebraska a certain act known as the Survival of Actions Act, NEB. REV. STAT. § 25-1401, and this cause of action is brought pursuant to that Act.

23.     The Plaintiff, GREAT WESTERN BANK, is the duly appointed Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, and vested with the right to prosecute this cause of action.

WHEREFORE the Plaintiff, GREAT WESTERN BANK, Special Administrator of the Estate of MICHAEL C. BETTS, III, a minor, deceased, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them in an amount in excess of $75,000.00, plus costs.

### COUNT XXI–NEGLIGENCE
**(DEBORAH BETTS, AS MOTHER AND NEXT FRIEND OF PATRICK BETTS, A MINOR, v. M & H TRAILERS, INC. and SERGEY V. YASINSKIY)**

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXI as though fully set forth herein.

17.     At all times referenced herein, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's minor PATRICK BETTS to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

    (a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

54

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor PATRICK

55

BETTS, was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as mother and next friend of PATRICK BETTS, a minor, prays for judgment against the Defendants, M & H TRAILERS, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XXII–NEGLIGENCE
### (DEBORAH BETTS, AS MOTHER AND NEXT FRIEND OF PATRICK BETTS, A MINOR, v. YMV TRANSPORT, INC. and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXII as though fully set forth herein.

17.     At all times referenced herein, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's minor, PATRICK BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor PATRICK BETTS, was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as mother and next friend of PATRICK BETTS, a minor, prays for judgment against the Defendants, YMV TRANSPORT, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

<u>**COUNT XXIII–NEGLIGENCE**</u>
**(DEBORAH BETTS, AS MOTHER AND NEXT FRIEND OF PATRICK BETTS, A MINOR, v. MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY)**

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXIII as though fully set forth herein.

17.     At all times referenced herein, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's minor, PATRICK BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY

58

V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)     Negligently failed to take reasonable action to avoid a collision;

59

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor PATRICK BETTS, was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as mother and next friend of PATRICK BETTS, a minor, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT XXIV–NEGLIGENCE
### (DEBORAH BETTS, AS MOTHER AND NEXT FRIEND OF PATRICK BETTS, A MINOR, v. HERBERT RODRIGUES and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXIV as though fully set forth herein.

17.     At all times referenced herein, the Defendants HERBERT RODRIGUES, by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's minor, PATRICK BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants HERBERT RODRIGUES, by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)    Negligently failed to take reasonable action to avoid a collision;

(o)    Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)    Were otherwise careless and negligent.

19.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor PATRICK BETTS was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as mother and next friend of PATRICK BETTS, a minor, prays for judgment against the Defendants, HERBERT RODRIGUES and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT XXV–NEGLIGENT ENTRUSTMENT
### (DEBORAH BETTS, AS MOTHER AND NEXT FRIEND OF PATRICK BETTS, A MINOR, v. MIKHAIL V. YASINSKIY, HERBERT RODRIGUES M & H TRAILERS, INC. and YMV TRANSPORT, INC.)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXV as though fully set forth herein.

17.    On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them owned, managed, and controlled the truck with the

62

attached trailer being operated by the Defendant, SERGEY V. YASINSKIY, their duly authorized agent.

18.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them knew or reasonably should have known that the Defendant, SERGEY V. YASINSKIY, was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

19.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them had a duty to forego entrusting the truck with the attached trailer to an individual that he knew or reasonably should have known was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

20.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them breached the aforesaid duty and negligently entrusted the truck with the attached trailer to the Defendant, SERGEY V. YASINSKIY.

21.     That as a direct and proximate result of the aforesaid careless and negligent act of the Defendant, the plaintiff's minor PATRICK BETTS was seriously and permanently

injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as mother and next friend of PATRICK BETTS, a minor, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them in an amount in excess of $75,000.00, plus costs.

## COUNT XXVI–NEGLIGENCE
### (DEBORAH BETTS, AS STEP-MOTHER AND NEXT FRIEND OF ASPEN BETTS, A MINOR, v. M & H TRAILERS, INC. and SERGEY V. YASINSKIY)

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXVI as though fully set forth herein.

17.     At all times referenced herein, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's minor, ASPEN BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

64

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor ASPEN BETTS was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, disfigurement and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as step-mother and next friend of ASPEN BETTS, a minor, prays for judgment against the Defendants, M & H TRAILERS, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

**COUNT XXVII–NEGLIGENCE**
**(DEBORAH BETTS, AS STEP-MOTHER AND NEXT FRIEND OF ASPEN BETTS, A MINOR, v. YMV TRANSPORT, INC. and SERGEY V. YASINSKIY)**

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXVII as though fully set forth herein.

17.     At all times referenced herein, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's minor, ASPEN BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V.

66

YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one

or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)     Negligently failed to take reasonable action to avoid a collision;

67

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor ASPEN BETTS was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as step-mother and next friend of ASPEN BETTS, a minor, prays for judgment against the Defendants, YMV TRANSPORT, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT XXVIII–NEGLIGENCE
## (DEBORAH BETTS, AS STEP-MOTHER AND NEXT FRIEND OF ASPEN BETTS, A MINOR, v. MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXVII as though fully set forth herein.

17.     At all times referenced herein, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the plaintiff's minor, ASPEN BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

68

18.     At the aforementioned time and place, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

69

(m)   Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)   Negligently failed to take reasonable action to avoid a collision;

(o)   Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)   Were otherwise careless and negligent.

19.   That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor ASPEN BETTS, was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as step-mother and next friend of ASPEN BETTS, a minor, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT XXIX–NEGLIGENCE
### (DEBORAH BETTS, AS STEP-MOTHER AND NEXT FRIEND OF ASPEN BETTS, A MINOR, v. HERBERT RODRIGUES and SERGEY V. YASINSKIY)

1.-16.   Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXIX as though fully set forth herein.

17.   At all times referenced herein, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate

70

Highway 80, including the plaintiff's minor, ASPEN BETTS, to exercise reasonable care

with respect to the operation, maintenance, management and control of the aforesaid truck

and attached trailer.

18.    At the aforementioned time and place, the Defendants HERBERT

RODRIGUES, by and through his duly authorized agent, employee and/or servant,

SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there

guilty of one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of Neb. Rev. Stat. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of Neb. Rev. Stat. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of Neb. Rev. Stat. § 60-6,244;

(d)    Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of Neb. Rev. Stat. § 60-6,244;

(e)    Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of Neb. Rev. Stat. § 60-6,285;

(f)    Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)    Failed to properly and timely apply the brakes;

(h)    Failed to keep a proper and sufficient look-out;

(i)    Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff's ward was a passenger;

(j)    Failed to exercise due care in the operation of the aforesaid truck and trailer;

71

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff's ward was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff's ward was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)     Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the plaintiff's minor ASPEN BETTS, was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as step-mother and next friend of ASPEN BETTS, a minor, prays for judgment against the Defendants, HERBERT RODRIGUES and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XXX–NEGLIGENT ENTRUSTMENT
### (DEBORAH C. BETTS, AS STEP-MOTHER AND NEXT FRIEND OF ASPEN BETTS, A MINOR, v. MIKHAIL V. YASINSKIY, HERBERT RODRIGUES M & H TRAILERS, INC., and YMV TRANSPORT, INC.)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXX as though fully set forth herein.

17.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them owned, managed, and controlled the truck with the attached trailer being operated by the Defendant, SERGEY V. YASINSKIY, their duly authorized agent.

18.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them knew or reasonably should have known that the Defendant, SERGEY V. YASINSKIY, was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

19.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them had a duty to forego entrusting the truck with the attached trailer to an individual that they knew or reasonably should have known was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

20.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them breached the aforesaid duty and negligently entrusted the truck with the attached trailer to the Defendant, SERGEY V. YASINSKIY.

73

21.     That as a direct and proximate result of the aforesaid careless and negligent act of the Defendants, the plaintiff's minor ASPEN BETTS was seriously and permanently injured and was caused to and did experience pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, as step-mother and next friend of ASPEN BETTS, a minor, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation, and YMV TRANSPORT, INC., a corporation, and each of them in an amount in excess of $75,000.00, plus costs.

**COUNT XXXI–NEGLIGENCE**
**(DEBORAH BETTS v. M & H TRAILERS, INC. and SERGEY V. YASINSKIY)**

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXXI as though fully set forth herein.

17.     At all times referenced herein, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the Plaintiff DEBORAH BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants M & H TRAILERS, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V.

YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of one

or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff;

(n)     Negligently failed to take reasonable action to avoid a collision;

75

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff DEBORAH BETTS was seriously and permanently injured and was caused to and did incur medical expenses, sustain wage loss and experience physical and mental pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, prays for judgment against the Defendants, M & H TRAILERS, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XXXII–NEGLIGENCE
### (DEBORAH BETTS v. YMV TRANSPORT, INC. and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXXII as though fully set forth herein.

17.     At all times referenced herein, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the Plaintiff DEBORAH BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants YMV TRANSPORT, INC., by and through its duly authorized agent, employee and/or servant, SERGEY V.

76

YASINSKIY, and SERGEY V. YASINSKIY, Individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)    Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)    Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)    Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)    Failed to properly and timely apply the brakes;

(h)    Failed to keep a proper and sufficient look-out;

(i)    Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff was a passenger;

(j)    Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)    Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff was a passenger;

(l)    Negligently followed the vehicle in which the Plaintiff was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff;

(n)    Negligently failed to take reasonable action to avoid a collision;

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff DEBORAH BETTS was seriously and permanently injured and was caused to and did incur medical expenses, sustain wage loss and experience, physical and mental pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, prays for judgment against the Defendants, YMV TRANSPORT, INC. and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XXXIII-NEGLIGENCE
### (DEBORAH BETTS v. MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXXIII as though fully set forth herein.

17.     At all times referenced herein, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the Plaintiff DEBORAH BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants MIKHAIL V. YASINSKIY, by and through his duly authorized agent, employee and/or servant, SERGEY

78

V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there guilty of

one or more of the following negligent acts and/or omissions:

(a)    Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)    Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)    Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)    Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)    Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)    Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)    Failed to properly and timely apply the brakes;

(h)    Failed to keep a proper and sufficient look-out;

(i)    Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff was a passenger;

(j)    Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)    Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff was a passenger;

(l)    Negligently followed the vehicle in which the Plaintiff was a passenger more closely than was reasonable and proper;

(m)    Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff;

(n)    Negligently failed to take reasonable action to avoid a collision;

79

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff DEBORAH BETTS was seriously and permanently injured and was caused to and did incur medical expenses, sustain wage loss and experience mental and physical pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

### COUNT XXXIV-NEGLIGENCE
### (DEBORAH BETTS v. HERBERT RODRIGUES and SERGEY V. YASINSKIY)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXXIV as though fully set forth herein.

17.     At all times referenced herein, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant, SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY, Individually, had a duty to those traveling on Interstate Highway 80, including the Plaintiff DEBORAH BETTS, to exercise reasonable care with respect to the operation, maintenance, management and control of the aforesaid truck and attached trailer.

18.     At the aforementioned time and place, the Defendants HERBERT RODRIGUES, by and through his duly authorized agent, employee and/or servant,

SERGEY V. YASINSKIY, and SERGEY V. YASINSKIY,  Individually, were then and there

guilty of one or more of the following negligent acts and/or omissions:

(a)     Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(b)     Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

(c)     Operated a truck that was not equipped with brakes adequate to control the movement of and to stop and hold the truck, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(d)     Operated the truck with brakes that were not maintained at all times in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,244;

(e)     Operated the truck when it was not equipped with a horn in good working order, contrary to and in violation of NEB. REV. STAT. § 60-6,285;

(f)     Failed to sound the horn so as to give warning to others when reasonably necessary to insure safe operation;

(g)     Failed to properly and timely apply the brakes;

(h)     Failed to keep a proper and sufficient look-out;

(i)     Carelessly and negligent drove the front of the truck into the rear of the vehicle in which the Plaintiff was a passenger;

(j)     Failed to exercise due care in the operation of the aforesaid truck and trailer;

(k)     Negligently failed to decrease speed as necessary in order to avoid colliding with a vehicle in which the Plaintiff was a passenger;

(l)     Negligently followed the vehicle in which the Plaintiff was a passenger more closely than was reasonable and proper;

(m)     Operated a motor vehicle with a reckless disregard for the safety of others, including the Plaintiff's ward;

(n)     Negligently failed to take reasonable action to avoid a collision;

81

(o)     Negligently failed to exercise proper precautions when observing deer on or near the roadway; and

(p)     Were otherwise careless and negligent.

19.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff DEBORAH BETTS was seriously and permanently injured and was caused to and did incur medical expenses, sustain wage loss and experience mental and physical pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, prays for judgment against the Defendants, HERBERT RODRIGUES and SERGEY V. YASINSKIY, in an amount in excess of $75,000.00, plus costs.

## COUNT XXXV–NEGLIGENT ENTRUSTMENT
### (DEBORAH BETTS v. MIKHAIL V. YASINSKIY, HERBERT RODRIGUES M & H TRAILERS, INC., and YMV TRANSPORT, INC.)

1.-16.  Plaintiff repeats and realleges paragraphs one through sixteen of Allegations Common to All Counts as paragraphs one through sixteen of this Count XXXV as though fully set forth herein.

17.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation and YMV TRANSPORT, INC., a corporation, and each of them, owned, managed, and controlled the truck with the attached trailer being operated by the Defendant, SERGEY V. YASINSKIY, their duly authorized agent.

18.     On and prior to January 27, 2008, the Defendants, MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation and YMV TRANSPORT,

INC., a corporation, and each of them knew or reasonably should have known that the Defendant, SERGEY V. YASINSKIY, was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

19.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation and YMV TRANSPORT, INC., a corporation, and each of them had a duty to forego entrusting the truck with the attached trailer to an individual that they knew or reasonably should have known was an inexperienced, incompetent, and reckless driver and/or otherwise incapable of properly operating a truck with an attached trailer without endangering others.

20.     At the aforementioned time and place, and prior thereto, the Defendants MIKHAIL V. YASINSKIY, HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation and YMV TRANSPORT, INC., a corporation, and each of them breached the aofresaid duty and negligently entrusted the truck with the attached trailer to the Defendant, SERGEY V. YASINSKIY.

21.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, DEBORAH BETTS was seriously and permanently injured and was caused to and did incur medical expenses, sustain wage loss and experience mental and physical pain and suffering in the extreme, disability, and other recoverable damages of a personal and pecuniary nature.

WHEREFORE the Plaintiff, DEBORAH BETTS, prays for judgment against the Defendants, MIKHAIL V. YASINSKIY,  HERBERT RODRIGUES, M & H TRAILERS, INC., a corporation and YMV TRANSPORT, INC., a corporation, and each of them in an amount in excess of $75,000.00, plus costs.

By:    s/ Dennis T. Schoen
        Dennis T. Schoen
        Vincent B. Browne
        DENNIS T. SCHOEN, P.C.
        221 North LaSalle Street, Suite 663
        Chicago, Illinois 60601
        T: 312-558-9143
        F: 312-558-5426
        Emails:    dschoen@dtschoenlaw.com
                vince@dtschoenlaw.com
        *Lead Counsel for All Plaintiffs*

        s/ James F. Fenlon
        James F. Fenlon, Esq.
        James F. Fenlon, P.C.
        6790 Grover Street, Suite 202
        Omaha, NE 68106-3612
        T: 402-333-4000
        *Local Counsel for the Plaintiffs*