IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREAT WESTERN BANK,<br>Special Administrator of the Estate of<br>Cora Betts, a minor, deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SERGEY V. YASKINSKIY, et al.,<br><br>Defendants. | 8:08CV435<br><br>ORDER |

    This matter is before the court on the defendants Sergey V. Yasinskiy, Mikhail V. Yasinksiy, and YMV Transport, Inc.'s Request for Place of Trial (Filing No. 20). The moving defendants filed an affidavit (Filing No. 29) in support of their request to change the location of the trial designation from Omaha to Lincoln, Nebraska. The plaintiffs filed a declaration (Filing No. 28) opposing the change in location.

## BACKGROUND

    According to the allegations in the complaint, on January 27, 2008, a tractor trailer driven by Sergey V. Yasinskiy struck a passenger vehicle driven by Michael C. Betts, II. **See** Filing No. 1 - Complaint ¶¶ 10, 15. The collision occurred while the vehicles were driving westbound on Interstate 80 near mile marker 266 in Buffalo County, Nebraska. Also, in the passenger vehicle were Michael C. Betts, III, Cora Betts, Aspen Betts, Patrick Betts, and Deborah Betts. *Id.* ¶ 11. Michael C. Betts, III, and Cora Betts, both minors, were killed as a result of injuries sustained at the time of the collision. Sergey V. Yasinskiy was the agent and employee of the other defendants. *Id.* ¶ 14. The plaintiffs allege Sergey V. Yasinskiy failed to use reasonable care when driving upon the interstate. Based on these allegations, the plaintiffs are pursuing claims for wrongful death and pain and suffering based on negligence or negligent entrustment on behalf of themselves and Michael C. Betts, III, and Cora Betts.

    Deborah Betts, Patrick Betts, and Aspen Betts are a residents of the State of Colorado. *Id.* ¶ 1; Filing No. 28 - Schoen Aff ¶ 4. Great Western Bank is a citizen of the

State of Nebraska.  **See** Filing No. 1 - Complaint ¶ 2.  The probate estates for the decednants are being administered in Omaha, Nebraska.  See Filing No. 28 - Schoen Aff ¶ 3.  Counsel for the plaintiffs have offices in Omaha, Nebraska, and Chicago, Illinois.  The defendants YMV Transport, Inc. is a citizen of the State of Washington.  **See** Filing No. 1 - Complaint ¶ 7.  The defendants Sergey V. Yasinskiy, Mikhail V. Yasinksiy, Herbert Rodrigues, and M & H Trailers, Inc. are citizens of the State of Oregon.  *Id.* ¶¶ 4-6; Filing No. 29 - Goyette Aff. ¶ 3.  Counsel for the defendants Sergey V. Yasinskiy, Mikhail V. Yasinksiy, and YMV Transport, Inc. has an office in Lincoln, Nebraska.  No appearance has yet been made on behalf of Herbert Rodrigues and M & H Trailers, Inc.  However, the parties indicate counsel, located in Omaha, Nebraska, will represent these defendants.  **See** Filing No. 28 - Schoen Aff. ¶ 11; Filing No. 29 - Goyette Aff. ¶ 6.

      The plaintiffs expect to call an out-of-state liability and expert witnesses in this matter in addition to the state troopers who were involved in investigating the collision.  **See** Filing No. 28 - Schoen Aff. ¶¶ 6-7.  Further, the plaintiffs expect several witnesses from the State of Colorado to testify about damages.  *Id.* ¶ 8.  The plaintiffs state that although counsel for the moving defendants has an office in Lincoln, such counsel purports to represent clients throughout Nebraska, including in Omaha.  *Id.* ¶ 10.  The plaintiffs note the legal interests of Michael Betts, Jr., the driver of the passenger vehicle, are represented by counsel who has an office in Omaha, Nebraska.  *Id.* ¶12.  The plaintiffs argue the convenience of the parties is best served in Omaha, since one party is located in Omaha, and the remaining parties are easily able to fly into Omaha.  *Id.* ¶ 14.  The plaintiffs contend the witnesses' convenience is served in either Omaha or Lincoln.  *Id.* ¶ 15.  The plaintiff assert Omaha is more convenient for the greater number of counsel involved in this matter.  *Id.* ¶ 16.

      The moving defendants contend the accident occurred near Kearney, Nebraska, which is relatively closer to Lincoln, Nebraska (129 miles), than to Omaha, Nebraska (186 miles).  **See** Filing No. 29 - Goyette Aff. ¶ 2.  Additionally, the moving defendants argue the plaintiffs' Colorado residence is also closer in distance to Lincoln, than to Omaha.  *Id.* ¶ 3.  The moving defendants assert several witnesses such as the Buffalo County Sheriff's officers and others would be located near Kearney, Nebraska.  *Id.* ¶ 4.  The moving

defendants state there is no real connection between this case and Omaha, Nebraska. Further, the moving represent there may be some dispute about the administrator of the estates of the decedents as the biological mother of the decedents filed an estate proceeding in Buffalo County. *Id.* ¶ 6.

## ANALYSIS

In deciding the place of trial, "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. *Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson v. Bekins Van Lines Co.*, 747 F.

3

Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The plaintiffs initially chose Omaha, Nebraska as the location of trial.  However, the moving defendants seek to move trial to Lincoln, Nebraska.  The convenience to the plaintiffs, their counsel, some witnesses and associated persons provide the interests in keeping trial in Omaha, Nebraska.  For the moving defendants' counsel and some witnesses, Lincoln appears to be a more convenient location for trial.  However, the distance between Lincoln and Omaha is not significant.  Further, there has been no showing that a particular number of witnesses will be necessary or suffer particular burden by having to travel to Omaha for trial.  Additionally, any parties or witnesses residing outside of Nebraska may just as conveniently travel to Omaha as to Lincoln, Nebraska.  The relative convenience of trial in Omaha outweighs the convenience to the defendants of having trial in Lincoln.  The court will not merely shift the burden regarding location from one party to the other.  After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be Omaha, Nebraska.  Upon consideration,

**IT IS ORDERED:**

The Request for Place of Trial (Filing No. 20) to change to Lincoln, Nebraska, is denied.

DATED this 13th day of January, 2009.

BY THE COURT:

 s/Thomas D. Thalken
 United States Magistrate Judge